UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES

– against –

LORENZO NICHOLS,

Defendant.

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

88-cr-496 (ERK)

KORMAN, *J.*:

On September 28, 1989, the defendant pled guilty to a two-count superseding information. Counts 1 and 2 charged that in 1986 and 1987, respectively, the defendant "for the purpose of maintaining and increasing [the defendant's] position in the Nichols Enterprise, an enterprise engaged in racketeering activity," ordered the murders of Isaac Bolden and Myrtle Horsham, who were associated with him and whom he believed had wronged him in specific ways. ECF No. 174-3. On February 7, 1992, the defendant was sentenced to 40 years imprisonment.

The defendant had previously been arrested on state drug charges in 1985. PSR ¶ 88. And four years prior to his guilty plea and sentencing in federal court, in 1988, the defendant was sentenced in New York State (Queens County Supreme Court) to 25 years to life for those drug offenses. In 1992, defendant was convicted in New York State (Queens County Supreme Court) for ordering the murder of Parole Officer Brian Rooney.

1

After his 1988 Queens County conviction, defendant was charged in an information filed by the U.S. Attorney and pled guilty to the two counts referred to above. I then imposed the 40-year sentence in February 1992. The defendant has in effect served that 40-year sentence. Nevertheless, in calculating his projected release date, the Bureau of Prisons (BOP) did not give him any credit for the four years that he spent in federal custody before his federal sentencing, between 1988 and 1992.

The reason for that is because 18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences," except this provision only applies to time "that has not been credited against another sentence." Thus the time that the defendant was in custody prior to his sentencing here was not credited by the BOP in calculating the time that he was required to serve on the 40-year sentence.

The current Guidelines allow a sentencing judge to "adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment [resulting from a related offense] if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." U.S.S.G. 5G1.3(b)(1). So in this case, if I were sentencing today, I could have overcome the manner in which the BOP calculates his release date by

2

sentencing him to 36 years, instead of 40 years (which is the sentence I understood he would serve). Nevertheless, for the reduction of his sentence that he now seeks, the First Step Act, 18 U.S.C. § 3582(c), gives me the discretion to accomplish the same result. *See Reynolds v. United States*, No. 99-CR-520 (NGG), 2022 WL 1444167, at *4 (E.D.N.Y. May 6, 2022). This is particularly true in light of the other circumstances set out in the defendant's memorandum of law. *See* ECF No. 174. Moreover, this will not result in the defendant's release from imprisonment. Specifically, the defendant was convicted in Florida by plea to yet another offense in 2007 and was sentenced to 10 years to run consecutive to his federal and New York state charges.

## **CONCLUSION**

The defendant's motion to reduce his sentence is granted. While I could reduce his sentence by four years to account for the period of time he spent in federal custody and for which the BOP does not credit him, the defendant's projected release date is only about three years away: March 9, 2026. I therefore reduce his sentence by three years.

**SO ORDERED.**

*Edward R. Korman*
Brooklyn, New York                              Edward R. Korman
February 17, 2023                              United States District Judge